UNITED STATES DISTRICT COURT	NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JIMMY MCMILLAN, III

                             Plaintiff,	MEMORANDUM AND ORDER

        -against-	09-CV-577 (JG) (LB)

INTERNAL REVENUE SERVICE,

                             Defendant.
-----------------------------------------------------------------x

A P P E A R A N C E S:

    JIMMY MCMILLAN, III
        1996 Nostrand Avenue
        Brooklyn, New York 11210
        *Plaintiff* Pro Se

    LORETTA E. LYNCH
        United States Attorney for the
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201
    By:    Andrea A. Kafka
        United States Department of Justice
        Ben Franklin Station, P.O. Box 55
        Washington, D.C. 20044
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Jimmy McMillan, III, brought this action in February 2009, seeking an injunction requiring the federal government to cease improperly taxing his disability pension as earned income and to refund the improperly levied taxes he had paid between 1983 and 2009. He also requested as relief additional money damages. The government asserted that his claim for injunctive relief was barred by the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits to restrain the assessment or collection of taxes by the United States, but offered to help him pursue administrative remedies. As a result of government counsel's assistance, the United

States refunded a total of $6,923.79 to McMillan, mooting his claims for the 1998, 1999, 2000, 2002, 2003, 2005, 2006, and 2007 tax years. The government, however, refused to issue a refund for the 2004 tax year, maintaining that McMillan's claim for that year was untimely because he did not submit it by April 15, 2007. *See* 26 U.S.C. § 6511(a) ("Claim for . . . refund . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . .").

In response, McMillan submitted a certified mail receipt showing that he had sent a letter to the Internal Revenue Service on January 25, 2007. He also produced a copy of the letter, which read in part, "I have asked the IRS to help me since I retired on Disability in 1983 and have been ignored each time. . . . This Money was TAXED once when it was put into my Pension Funds, why? Is it being taxed again, I have asked IRS this question many times and gotten no answer. The Money that I am having to Pay Taxes on is NOT and [sic] EARNED INCOME."

At a conference on September 15, 2010, the parties agreed that the only claim remaining in the case is McMillan's claim for a refund for the 2004 tax year in the amount of $1724, and the only issue remaining with respect to that claim is whether the statute of limitations precludes it. Each side cross-moved for summary judgment on the ample record before me.

I now grant McMillan's motion and deny the government's for the reasons set forth below.

DISCUSSION

A.  *Legal Standard*

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the moving party's burden to establish the absence of any genuine issue of material fact. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). In determining whether the moving party has succeeded, a court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Miner v. Clinton County*, 541 F.3d 464, 471 (2d Cir. 2008).

B.  *Analysis*

It is well established "that an informal claim is sufficient to satisfy the statutory prerequisite of a timely administrative claim in 26 U.S.C. § 7422(a)." *United States v. Forma*, 42 F.3d 759, 767 n.13 (2d Cir. 1994) (internal alterations omitted); *see* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."). To qualify as an informal claim, a taxpayer's correspondence "must at least alert the IRS that the taxpayer seeks a refund and must also indicate the grounds upon which the taxpayer's claim is based." *Id.* Although brief, McMillan's January 2007 letter meets these criteria. It put the IRS on notice that he believed his disability pension had been improperly taxed as earned income since 1983. Although McMillan did not use the word "refund," the only reasonable construction of his letter is as a request for refunds for tax years since 1983 and an assurance that his pension would not be improperly taxed in the future.

Accordingly, I find that McMillan submitted a timely claim for a 2004 refund and is entitled to one in the amount of $1724.

## CONCLUSION

The plaintiff's motion for summary judgment is granted. The defendant's motion for summary judgment is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 23, 2010
      Brooklyn, New York